IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwayne Harris,                     :

        Plaintiff          :        Civil Action 2:12-cv-0405

v.                                 :        Judge Watson

Gary Croft, *et al.*,              :        Magistrate Judge Abel

        Defendants         :

**REPORT AND RECOMMENDATION**

Plaintiff Dwayne Harris, a prisoner incarcerated at the Richland Correctional Institutuion, brings this action under 42 U.S.C. § 1983 alleging that defendants retaliated against him for exercising his constitutionally protected right to file inmate grievances. This matter is before the Magistrate Judge on defendants' May 24, 2012 motion to revoke plaintiff's *in forma pauperis* status and compel immediate payment of the full filing fee (doc. 7). Finding that plaintiff has filed three or more previous complaints or appeals in federal court and that he has failed to demonstrate that he is "under danger of serious physical harm" within the meaning of 28 U.S.C. §1915(g), I RECOMMEND that the motion be GRANTED.

Plaintiff does not allege that any of the named defendants have engaged in conduct that has subjected him to the imminent danger of serious physical injury. Under the provisions of 28 U.S.C. § 1915(g) a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." The prisoner must be "under imminent danger of serious physical harm" at the time the complaint is filed, not at the time of the actionable events. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 116 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Defendants assert that at least three of the seven cases Harris has filed have been dismissed for failure to state a claim:

1. *Dwayne Harris v. Ernie Moore, et al.*, Case No. 1:04-cv-796. Order dismissing *in forma pauperis* complaint *sua sponte* for failure to state a claim. (Doc. 7). Affirmed on appeal. (Doc. 12).
2. *Dwayne Harris v. Olivia Karl, et al.*, Case No. 2:05-CV-1133. Report and Recommendation (Doc. 32) and Order (Doc. 38) dismissing *in forma pauperis* complaint for failure to state a claim (res judicata). Not appealed.
3. *Dwayne Harris v. Harry Hageman, et al.*, Case No. 2:11-cv-728. Report and Recommendation (Doc. 5) and Order (Doc. 10) dismissing *in forma pauperis* complaint for failure to state a claim. Appeal pending, Case No. 11-4288.

Defendants' May 24, 2012 Motion to Revoke, Doc. 7, Exhibit A, Affidavit of J. Gregory Glasgow ¶ 6. Plaintiff concedes that *Dwayne Harris v. Ernie Moore, et al.*, Case No. 1:04-cv-796 and *Dwayne Harris v. Olivia Karl, et al.*, Case No. 2:05-CV-1133 were dismissed for failure to state a claim and count as two strikes, but he argues that *Dwayne Harris v. Harry Hageman, et al.*, Case No. 2:11-cv-728 should not count as a strike because, although it was dismissed for failure to state a claim, his appeal of that decision is still pending. That argument is

not well taken because the statute does not exempt complaints dismissed on initial screening because an appeal is pending. Moreover, § 1915(g) provides that a prisoner who "has, on 3 or more prior occasions . . . brought an . . . appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted" cannot proceed *in forma pauperis* ." Even if 2:11-cv-728 were not counted as a strike, plaintiff Harris's appeal of 1:04-cv-796 counts as a strike because the Court of Appeals affirmed the district court's ruling that the complaint failed to state a claim for relief.

Accordingly, the Magistrate Judge RECOMMENDS that defendants' May 24, 2012 motion to revoke plaintiff's *in forma pauperis* status and compel immediate payment of the full filing fee (doc. 7) be GRANTED. Plaintiff Dwayne Harris is ORDERED to pay the Court's $350 filing fee **within thirty (30) days of the date of this Order**. See, *In re Jacta Est Alea,* 286 F.3d 378, 381 (6th Cir. 2002).

In addition, plaintiff's motions for leave to file a cross-reply and a sur-reply (docs. 11 and 14) are GRANTED. Plaintiff's motion for the court to issue service of the complaint on defendant Heidi Novik at her home address (doc. 16) is DENIED without prejudice to renew the motion after he pays the $350 filing fee. Finally, plaintiff's July 11, 2012 motion for a protective order (doc. 16) is DENIED. The facts supporting the motion arose after this lawsuit was filed. Further, given plaintiff's four previous frivolous complaints or appeals and his false statement in his application to proceed *in forma pauperis* that three or more of his previous complaints or appeals had not been

dismissed for failure to state a claim, he has failed to demonstrate a likelihood that he can prove that the named individuals threatened to kill him.

If any party objects to this Report and Recommendation, that party may, within tfoureen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
